UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RAYMOND M. MARTINEZ,

    Petitioner,

v.                                                                          Civ. No. 18-559 JB/GJF

DWIGHT SIMS and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Before the Court is Raymond Martinez's habeas corpus petition under 28 U.S.C. § 2254 [ECF. No. 1]. Martinez challenges his state court convictions for criminal sexual penetration and enticement of a child based on, inter alia, ineffective assistance of counsel. For the reasons below, the Court will require Martinez to show cause why his habeas petition should not be dismissed as untimely.

**I. Background**

A jury convicted Martinez of the above-mentioned charges on June 28, 2007. ECF. 1 at 1; Case No. D-101-CR-2006-00431.[1] The state court sentenced him to eighteen years imprisonment. ECF. 1 at 1. Judgment on the conviction and sentence was entered February 18, 2008. *See* Judgment/Order in D-101-CR-2006-00431. Martinez appealed, and the New Mexico Court of Appeals affirmed the judgment by a mandate issued May 3, 2011. ECF. No. 1 at 2-3. Martinez did not appeal further. The judgment therefore became final no later than June 2, 2011, after the

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

expiration of the 30-day period for seeking additional review. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (A petitioner's judgment becomes final for purposes of § 2254 when the time for seeking state appellate review expires); NMRA, Rule 12-502 (providing that a "petition for writ of certiorari shall be filed with the Supreme Court clerk within thirty (30) days after final action by the Court of Appeals").

There was no substantive activity in Martinez's criminal case between 2012 and 2014. *See* Case No. D-101-CR-2006-00431. On July 23, 2014, he filed a state habeas petition. ECF No. 1 at 4. The state court denied the petition, and he continued to file various *pro se* collateral attacks through 2018. *Id.* at 4-19. The New Mexico Supreme Court denied Martinez's most recent petition for writ of certiorari on May 15, 2018. *Id.* at. 19. On June 15, 2018, Martinez filed the instant § 2254 petition. ECF No. 1.

### III. Timeliness of the 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)  While a state habeas petition is pending, § 2244(d)(2);

(2)  Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)  Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)  Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

2

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

The one-year limitation period appears to have expired in June 2012, about six years before Martinez filed his federal § 2254 petition. The filing of his state habeas petitions after the expiration of the limitation period did not – as Martinez may believe – restart the clock or otherwise immunize the untimely federal petition. *See Gunderson v. Abbott*, 172 Fed. App'x. 806, 809 (10th Cir. 2006) (unpublished) ("A state court [habeas] filing submitted after the … deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (noting the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after … the end of the limitations period.…"). The Court will therefore require Martinez to show cause within thirty (30) days of entry of this Order why his habeas petition should not be dismissed as untimely. Failure to timely comply may result in dismissal of the habeas action without further notice. *See Hare v, Ray,* 232 F.3d 901 (10th Cir. 2000) (the district court may *sua sponte* dismiss an untimely Section 2254 petition where the petitioner fails to identify circumstances that would support tolling).

**IT IS THEREFORE ORDERED** that within thirty (30) days of entry of this Order, Martinez must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE